

## NUMBER 13-25-00470-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN RE DR. ALAIN GUILLAUME AYMELE, M.D.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina[1]**

Relator Dr. Alain Guillaume Aymele, M.D., has filed a pro se petition for writ of mandamus with a request for emergency relief. Although relator's contentions are unclear, it appears that he asserts that the trial court abused its discretion by denying "jurisdiction without basis," making an "[u]nlawful appearance demand on a non-party,"

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

and failing "to address federal fraud claims." Relator further alleges that "the [p]ost-recusal vacancy" will result in irreparable delay without mandamus relief.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). The relator must provide a sufficient record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Monson Law Firm, LLC*, 714 S.W.3d 256, 264 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); *In re J.A.L.*, 645 S.W.3d 922, 924 (Tex. App.—El Paso 2022, orig. proceeding); *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *see generally* TEX. R. APP. P. 52 (governing the form of original proceedings), R. 52.7 (delineating the contents of the record), R. 52.3(k) (describing the necessary contents for the appendix).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny relator's petition for writ of mandamus and relator's request for emergency relief.

JAIME TIJERINA<br>
Chief Justice

Delivered and filed on the
30th day of September, 2025.